# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| STEPHEN DENTON CARRUTH and | ) | Case No. 07-30331 |
| MARY LOU CARRUTH, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| NORMAN E. ROUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 08-3008 |
| | ) | |
| BENEFICIAL MORTGAGE COMPANY | ) | |
| OF MISSOURI, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STEPHEN DENTON CARRUTH and | ) | |
| MARY LOU CARRUTH, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

In this adversary proceeding, the Chapter 7 trustee of the Debtors' bankruptcy estate, Norman E. Rouse ("Trustee"), seeks to avoid an allegedly preferential transfer of an interest in certain of the Debtors' real property.  Specifically, the Trustee contends that a transfer voidable under 11 U.S.C. § 547(b) occurred when the Defendant, Beneficial Mortgage Company of Missouri, Inc. ("Beneficial"), recorded within the 90-day preference period a modification of its deed of trust on the Debtors' property to correct an erroneous legal description.  Beneficial contends that no transfer occurred because the original deed of trust was valid despite the erroneous legal description. The outcome of this adversary proceeding turns on whether Beneficial's original deed of trust on the Debtors' property was valid prior to the recording of the modification, and that issue turns on the nature and effect of the error in the deed of trust's legal description.

**STANDARD OF REVIEW**

This case comes before the Court on competing motions for summary judgment. Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1]

**STATEMENT OF FACTS**

The parties stipulated to the following facts:

On or about April 22, 2005, the Debtors executed a promissory note in the amount of $64,336.57 and a deed of trust ("Deed of Trust") in favor of Beneficial to secure the note. The parties intended for the Deed of Trust to encumber the Debtors' property ("Property") legally described as: "All of Lot numbered eighty (80) in Schifferdecker's Second Addition to the City of Joplin, Jasper County, Missouri." However, the Deed of Trust contained an error – it misstated "Schifferdecker's *Second* Addition" as "Schifferdecker's *Section* Addition." In 2005, there were four Schifferdecker Additions in the City of Joplin in Jasper County, Missouri: Schifferdecker's First Addition, Schifferdecker's Second Addition, Schifferdecker's Third Addition, and Schifferdecker Park Addition. But there was no Schifferdecker's "Section" Addition. The Deed of Trust did, however, contain the Property's correct common address of 2130 Pennsylvania, Joplin, Missouri 64804, and the correct Missouri tax identification number of 19-6-14-20-8-10. The Deed of Trust was recorded in the Jasper County Recorder of Deeds Office on April 28, 2005.

On February 23, 2007, the Debtors and Beneficial executed a Deed of Trust modification ("Modification") to correct the Deed of Trust's erroneous reference to Schifferdecker's "Section" Addition. The Modification was filed in the Recorder of Deeds Office in Jasper County, Missouri on February 27, 2007 in Book 2034 at Pages 813-815. The parties stipulate that the Debtors were insolvent when the deed was recorded.

The Debtors, Stephen Denton Carruth and Mary Lou Carruth, filed for relief under Chapter 7 of the Bankruptcy Code on May 21, 2007, less than 90 days after the Modification was recorded. Beneficial concedes that if the Deed of Trust is avoided, it would receive less in the Debtors'

---

[1] Fed. R. Civ. P. 56(c), made applicable in bankruptcy cases by Fed. R. Bankr. P. 7056; *Williams v. Marlar (In re Marlar)*, 252 B.R. 743, 750 (B.A.P. 8th Cir. 2000) (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997)).

Chapter 7 proceeding than if the Deed of Trust is not avoided.

**DISCUSSION**

As noted above, the outcome of this preference action hinges on the validity of the Deed of Trust. If the Deed of Trust is valid, then the Modification was nothing more than a ministerial act which did not effect a transfer of an interest in the Debtors' property. "Without a transfer of an interest in the debtor's property, there can be no preference."[2] The validity of the Deed of Trust is determined by state law.[3] The property at issue in this case is located in Missouri, so Missouri law controls.

Missouri courts are reluctant to hold a property description insufficient and void unless compelled to do so by its ambiguity and uncertainty.[4] Validity is favored over invalidity.[5] "[I]f the land conveyed is sufficiently identified by certain parts of the description, an impossible or senseless course should be disregarded, and the deed sustained."[6] And, dispositive in this case, a deed of trust containing a correct common address is valid and sufficient to put prospective purchasers on notice of the creditor's interest notwithstanding an erroneous legal description.[7]

Under this standard, there is no question that the Deed of Trust is valid. The error is minor and, more importantly, the Deed of Trust contains an accurate address and tax identification number.

The Trustee's argument contrawise is based solely on the recently affirmed holding in

---

[2] *Carmack v Tri-County Trust Co.*(*In re Carmack*), 94 B.R. 148, 152 (W.D. Mo. 1988).

[3] *In re Gresham*, 373 B.R. 914, 921 (Bankr. W.D. Mo. 2007).

[4] *Fincher v. Miles Homes of Missouri, Inc.*, 549 S.W.2d 848, 853-54 (Mo. 1977). *See also, Massachusetts Gen. Life Ins. Co. v. Sellers*, 835 S.W.2d 475, 480-81 (Mo. Ct. App. 1992) (an interpretation that conveys nothing is rejected in favor of one that conveys something); *Jones v. Cox*, 629 S.W.2d 511, 513 (Mo. Ct. App. 1981) ("[P]eople are presumed not to intend nullities by their solemn conveyances and if one construction will render a deed operative and a competing construction will render it wholly inoperative, the former is preferred if not unreasonable nor legally impossible.").

[5] *See In re Gresham*, 373 B.R. at 919 (Bankr. W.D. Mo. 2007) (citing *Beauchamp v. Beauchamp*, 381 S.W.2d 804, 805 (Mo.1964), in reference to a deed of trust).

[6] *Boxley v. Easter*, 319 S.W.2d 628, 633 (Mo. 1959).

[7] *See In re Gresham*, 373 B.R. at 919-20 (Bankr. W.D. Mo. 2007) (interpreting and applying Missouri law).

*Lindquist v. Household Industrial Finance Co.* (*In re Vondall*)[8] that a deed of trust containing a defective legal description does not give prospective purchasers notice of the creditor's interest in the subject property unless the defect is facially apparent and can be resolved in only one way.[9] However, *Vondall*'s holding is based on Minnesota law, and therefore has no bearing on the outcome of this case.

## CONCLUSION

Because the Court concludes that Beneficial's original Deed of Trust was indeed valid, Beneficial's modification of that Deed of Trust in the preference period to remedy an inconsequentially defective legal description did not constitute a transfer of an interest of the Debtors in the property. In the absence of such a transfer, the Trustee's action under 11 U.S.C. § 547 to avoid that transaction fails as a matter of law. Accordingly, the Trustee's motion for summary judgment will be denied and Defendant Beneficial's motion for summary judgment will be granted.

A separate order consistent with this Memorandum Opinion will be entered pursuant to Fed. R. Bankr. P. 9021.

**ENTERED** this 17th day of June 2008.

                                              /s/   Jerry W. Venters
                                        United States Bankruptcy Judge

A copy of the foregoing mailed electronically or conventionally to:
Norman E. Rouse
Scott Greenberg

---

[8] 2008 WL 2264608 (8th Cir. June 4, 2008), aff'g 364 B.R. 668 (B.A.P. 8th Cir. 2007), aff'g 352 B.R. 193 (Bankr. D. Minn. 2006) ("*Vondall*").

[9] *In re Vondall*, 352 B.R. at 198.